UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA WILLIAMS,<br>　　　　Plaintiff,<br>　v.<br>PAUL LORENZ, et al.,<br>　　　　Defendants. | Case No. 15-cv-04494-BLF<br><br>**ORDER RE THE PARTIES'<br>MOTIONS IN LIMINE AND<br>PLAINTIFF'S PRETRIAL MOTION**<br>[Re: ECF 137, 138, 139, 141, 142, 143, 162] |

This case arises from Plaintiff's prior employment with Defendant County of Santa Clara ("the County") and Plaintiff's failure to receive a promotion for which she had applied. Orig. Compl., ECF 1-1. The remaining claims alleged by Plaintiff include (1) racial discrimination by all Defendants, and (2) the County failed to take reasonable steps to prevent her from being subjected to discrimination. *Id.*

The Court held a pretrial conference on October 12, 2018. With respect to the parties' motions in limine ("MIL's") and Plaintiff's pretrial motion for evidentiary sanctions, the Court rules as follows, for the reasons below and on the record at the pretrial conference:

## **DEFENDANTS' MOTIONS IN LIMINE**

**(1)** **Defendants' Motion in Limine No. 1 to Allow Evidence Regarding Plaintiff's Reason for Resigning, Alternative Stressors, and Ability to Accurately Perceive the Truth**

Defendants seek to introduce at trial evidence "relating to Plaintiff's beliefs that the County tapped her phones, followed her, and tracked her movements." *See* Defendants' MIL No. 1 at 1, ECF 137. Defendants contend that such evidence will "rebut Plaintiff's anticipated testimony that she resigned due to racial discrimination" and "provide an alternative cause of stress—besides alleged racial discrimination—relevant to her claim for non-economic damages."

*Id.* Plaintiff opposes Defendants' motion to introduce this evidence, on grounds that the evidence is private medical information not offered by a "qualified expert," and in any event irrelevant and unduly prejudicial. *See* Plaintiff's Opposition to Defendants' MIL No. 1, ECF 149.

As discussed on the record at the pretrial conference on October 12, 2018, Defendants' MIL No. 1 is **GRANTED** with respect to allowing live witnesses to testify as to statements they personally observed insofar as that testimony "relate[s] to Plaintiff's beliefs that the County tapped her phones, followed her, and tracked her movements." Defendants' MIL No. 1 at 1. To the extent any such statements are contained within medical records, emails, or other documents, the Court **DEFERS** ruling on admissibility unless and until a specific document is sought to be introduced and the Court is able to properly examine the document. The Court finds the proposed evidence is relevant to Defendants' defenses and that Plaintiff has placed the issue in controversy thus diminishing Plaintiff's privacy rights.

**(2) Defendants' Motion in Limine No. 2 to Exclude Evidence or Statements Regarding Settlement Offers, Discussions, or Negotiations**

Defendants move to preclude Plaintiff and percipient witnesses "from making any reference to, offering any comments on, asking or answering questions pertaining to, and introducing evidence or statements regarding settlement offers, discussions, and negotiations." *See* Defendants' MIL No. 2 at 1, ECF 138. Plaintiff does not oppose. Such evidence is not admissible "either to prove or disprove the validity or amount of a disputed claim." *See* Fed. R. Evid. 408. Accordingly, Defendants' motion is **GRANTED** with respect to any evidence of settlement offers, discussions, or negotiations as prohibited by Federal Rule of Evidence 408. This ruling applies to both Plaintiff and Defendants.

**(3) Defendants' Motion in Limine No. 3 to Exclude Evidence of the County's Financial Condition or Insurance Coverage**

Defendants also move to exclude evidence or statements "that discusses or alludes to the County's financial condition or insurance coverage." *See* Defendants' MIL No. 3 at 1, ECF 139. Plaintiff responds that the County's "financial information is relevant to Plaintiff's claim for damages, including punitive damages." *See* Plaintiff's Opposition to Defendants' MIL No. 3 at 3,

2

ECF 150.

First, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. "It has long been the rule in our courts that evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction." *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994). Thus, any evidentiary use of the County's insurance coverage to show liability or damages is prohibited.

Second, evidence of a defendant's wealth is ordinarily irrelevant to any issue of liability or compensatory damages, *see Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977), and Plaintiff has made no showing to the contrary. In addition, evidence of the County's financial condition is irrelevant to punitive damages. Punitive damages do not appear to be available against the County itself[1] under Title VII of the Civil Rights Act of 1964, and although punitive damages may be available against public employees, the employees themselves would be liable, and not the County.[2] Thus, any evidentiary use of the County's financial condition would be irrelevant.

In sum, Defendants' MIL No. 3 is **GRANTED**.

**PLAINTIFF'S MOTIONS IN LIMINE AND PRETRIAL MOTION**

**(1)** **Plaintiff's Motion in Limine No. 1 to Exclude Witness Statements Regarding Alleged Medical Conditions**

Plaintiff moves to bar Defendant "from using unqualified witness statements at trial relating to Plaintiff's alleged private medical matters." *See* Plaintiff's Motion in Limine No. 1 at

---

[1] Plaintiff will have the opportunity to counter this finding in Plaintiff's opposition to Defendants' upcoming further motion for summary judgment as to purportedly improper defendants.
[2] Following the pretrial conference on October 12, 2018, Plaintiff filed a Motion for Reconsideration (ECF 162) of the Court's ruling from the bench granting Defendants' MIL No. 3. However, the Court is not persuaded for Plaintiff's Motion for Reconsideration. Whether the County, in its discretion, may elect to pay part or all of a punitive damage award incurred by its employee is unrelated to a measurement of punitives based on the County's ability to pay. Plaintiff's Motion for Reconsideration at ECF 162 is DENIED.

3, ECF 141. Defendants did not file an opposition due to service issues, but opposed Plaintiff's motion at the pretrial conference on October 12, 2018. At the pretrial conference, Plaintiff clarified that this motion in limine pertains to "documents" or "exhibits" that contain witness statements relating to Plaintiff's allegedly private medical matters.

As discussed on the record at the pretrial conference, the Court **DEFERS** ruling on Plaintiff's MIL No. 1 unless and until a specific document or exhibit is sought to be introduced and the Court is able to properly examine the document or exhibit. The Court notes that it is not inclined to allow evidence of medical conditions that may have existed prior to Plaintiff's employment by the County, if offered by the County to show causation for alleged emotional distress experienced while Plaintiff was working for the County. The Court will require the County to demonstrate relevance before introducing such evidence.

**(2)** **Plaintiff's Motion in Limine No. 2 to Exclude Medical Information**

Plaintiff moves to bar Defendants from introducing "FMLA [Family Medical Leave Act] paperwork relating to [Plaintiff] and [her] mother." *See* Plaintiff's MIL No. 2 at 3, ECF 142. Defendants did not file an opposition due to service issues, but opposed Plaintiff's motion at the pretrial conference on October 12, 2018. As discussed on the record at the pretrial conference, the Court finds that Plaintiff's FMLA leave is relevant to Plaintiff's failure to receive a promotion for which she had applied. Accordingly, Plaintiff's MIL No. 2 is **DENIED**, and evidence of Plaintiff's FMLA paperwork is allowed, subject to redactions to protect Plaintiff's mother's privacy.

**(3)** **Plaintiff's Motion for Evidentiary Sanctions based on Defendants' Alleged Improper Conduct (ECF 143)**

Plaintiff moves for "evidentiary sanctions" based on Defendants' alleged improper conduct during or arising out of prior meetings between the parties. *See generally* Plaintiff's Motion re Improper Conduct, ECF 143. Defendants oppose this motion. ECF 144. As discussed on the record at the pretrial conference on October 12, 2018, the Court finds that Plaintiff has not made a showing of prejudice due to the allegedly improper conduct. In addition, the County stated that any "mistakes" that may have occurred have since been addressed. Accordingly, Plaintiff's

4

requested relief at ECF 143 is **DENIED**.

## CONCLUSION

For the foregoing reasons and as discussed on the record at the October 12, 2018 pretrial conference, the motions are decided as follows:

Defendants' Motion in Limine No. 1:  GRANTED IN PART and DEFERRED IN PART.

Defendants' Motion in Limine No. 2:  GRANTED.

Defendants' Motion in Limine No. 3:  GRANTED.

Plaintiff's Motion in Limine No. 1:  DEFERRED.

Plaintiff's Motion in Limine No. 2:  DENIED.

Plaintiff's Pretrial Motion at ECF 143:  DENIED.

Plaintiff's Motion for Reconsideration at ECF 162:  DENIED

**IT IS SO ORDERED.**

Dated: October 17, 2018

_____
BETH LABSON FREEMAN
United States District Judge