**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SANDRA WILLIAMS, | Case No. 15-cv-04494-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO CERTAIN DEFENDANTS AND PUNITIVE DAMAGES** |
| PAUL LORENZ, et al., | |
| Defendants. | [Re: ECF 163] |

Before the Court is Defendants' Motion for Summary Judgment as to Plaintiff's claims against the individual Defendants in this case and the Santa Clara Valley Medical Center, and Plaintiff's demand for punitive damages. Motion, ECF 163. Plaintiff opposes the motion. *See* Opp'n, ECF 181. Defendants filed a reply. *See* Reply, ECF 184. For the reasons stated below, Defendants' Motion for Summary Judgment at ECF 163 is GRANTED.

## I. BACKGROUND

The Defendants in this case are individuals Paul Lorenz, Trudy Johnson, and George Fogle (collectively, "the individual Defendants"); the Santa Clara Valley Medical Center ("SCVMC"); and the County of Santa Clara ("the County").

On August 22, 2018, the Court granted in part and denied in part Defendants' previous motion for summary judgment (ECF 83). *See* ECF 119. Specifically, the Court denied Defendants' motion for summary judgment as to (i) Plaintiff's racial discrimination claim under Title VII and the California Fair Employment and Housing Act[1] ("FEHA") against all Defendants arising out of the failure to promote; and (ii) Plaintiff's claim of failure to prevent, investigate and

---

[1] California Government Code § 12900 et seq.

remedy discrimination in violation of FEHA against the County. *See* ECF 119 at 42. The Court granted Defendants' motion for summary judgment as to all of Plaintiff's other claims. *Id.* In other words, Plaintiff has two surviving claims: racial discrimination under Title VII and FEHA against all Defendants related to failure to promote; and failure to prevent discrimination in violation of FEHA against the County only.

At the final pretrial conference on October 12, 2018, the Court granted leave to Defendants to submit an additional motion for summary judgment as to Plaintiff's claim against parties other than the County and Plaintiff's demand for punitive damages, and to Plaintiff to submit an Opposition brief to Defendants' motion.

## II.    LEGAL STANDARD

In the Ninth Circuit, "district courts have discretion to entertain successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Partial summary judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried." *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987).

The moving party "bears the burden of showing there is no material factual dispute," *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1004 (N.D. Cal. 2010), by "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact," *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In judging evidence at the summary judgment stage, "the Court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the nonmoving party." *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 891 F. Supp. 510, 513–14 (N.D. Cal. 1995). For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a reasonable trier of fact to find for the [non-moving party]."

*Corales v. Bennett,* 567 F.3d 554, 562 (9th Cir. 2009).

### III.   DISCUSSION

Defendants move for summary judgment that (1) neither state nor federal law permits a plaintiff to sue an individual employee for race discrimination under Title VII or FEHA; (2) SCVMC is a mere subsidiary of the County and thus cannot be separately sued; and (3) punitive damages are not available against a public entity such as the County.  *See* Motion at 1, ECF 163. The Court finds that for each issue, no genuine dispute of material facts exists, and that Defendants are entitled to judgment as a matter of law.  Each issue is addressed in turn.

#### A.   Whether an individual employee may be liable under Title VII or FEHA

Defendants argue that as a matter of law, individual employees acting in their individual capacities are not liable under Title VII or FEHA.  *See* Motion at 2.  Plaintiff counters that "[e]mployees . . . can be sued [under Title VII] in their official capacities."  Opp'n at 2.  The Court agrees with Defendants, and further finds that while employees may be sued under Title VII in their official capacities, that does not alter the outcome of Defendants' motion as to the individual Defendants in this case.

##### i.   Title VII

The Ninth Circuit has held that "[Title VII] itself indicates that Congress did not intend to impose individual liability on employees."  *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (affirming the district court's dismissal of Title VII claims against individual defendants sued in their individual capacities and explaining that Title VII limits civil liability to the employer).  Simply put, "individual employees cannot be held liable under Title VII." *Mujadzic v. Sera*, 332 Fed. Appx. 437, 437–38 (9th Cir. 2009) (*citing* Miller, 991 F.2d at 587–88). Plaintiff's complaint appears to be based on allegations against the individual Defendants in their individual capacities, *see* Complaint ¶¶ 2, 5, 18, ECF 1-1, with the exception of Defendant Lorenz, who Defendant acknowledges was "sue[d] in an official capacity," *see* Reply at 1, ECF 184. Plaintiff points out that some courts have permitted claims for injunctive relief against employees sued in their official capacities.  *See* Opp'n at 2–3 (citing cases from the Fifth Circuit, Eleventh Circuit, District of Nevada, and Northern District of Illinois, respectively).

However, even though injunctive relief—but not monetary relief—might be sought against a supervisor sued in an official capacity, *see Sattar v. Unocal Corp.*, 829 F. Supp. 331, 335 (N.D. Cal. 1993), where the entity is also sued "the court may dismiss the officer as a redundant defendant" because "[a]n official capacity suit against a municipal officer is equivalent to a suit against the entity," *see Center for Bio-Ethical Reform, Inc. v. Los Angeles City Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (internal citation omitted); *see also* Reply at 1 (citing *Ames v. City of Novato*, 2016 WL 6024587, at *4 (N.D. Cal. Oct. 14, 2016) for the same proposition). Thus, because Plaintiff also sued the County in this action, the individual Defendants are properly dismissed whether sued in their individual or official capacities. Thus, the Court GRANTS summary judgment for the individual Defendants as to Plaintiff's Title VII claim against the individual Defendants.

### ii. FEHA

Likewise, the California Supreme Court has held that under FEHA, "only the employer, and not individual supervisors, may be sued and held liable [for discrimination]." *Reno v. Baird*, 18 Cal.4th 640, 645 (1998). Moreover, liability under other FEHA provisions, such as retaliation or failure to prevent discrimination, is similarly limited "to the employer." *See Ames v. City of Novato*, 2016 WL 6024587, at *5 (N.D. Cal. Oct. 14, 2016) (holding that the plaintiffs could not sue an individual supervisory employee for discrimination, retaliation, or failure to prevent discrimination under FEHA). In her Opposition brief, Plaintiff acknowledges that "individual supervisors are not liable to plaintiffs for discrimination under FEHA." Opp'n at 3 (citing *Reno*, 18 Cal.4th at 655). Thus, the Court GRANTS summary judgment for the individual Defendants as to Plaintiff's FEHA claim against the individual Defendants.

### B. Whether SCVMC may be separately sued

In California, "[a] public entity may sue and be sued," *see* Cal. Gov't Code § 945, but actions against a subsidiary of a government entity must be filed against the parent itself, *see Hoyd v. Hayward Unified Sch. Dist.*, 74 Cal. App. 3d 470, 472 (1977) (holding that suit against a government subdivision must be directed at the government agency, not the subdivision). Defendants argue that SCVMC is a "subsidiary of the County [and] cannot be separately sued."

Motion at 1.  Plaintiff counters that Defendants "fail to present any evidence" that shows SCVMC is "a department of Santa Clara Valley Health Hospital System, and therefore an agency within the county." Opp'n at 3–4.

However, to show that SCVMC is a subsidiary of the County, Defendants cite County code, which recognizes "[t]here is in the County the Santa Clara Valley Health Hospital System . . . hereafter referred to . . . as the SCVHHS" and "[t]here is in the SCVHHS a Department of Santa Clara Valley Medical Center." *See* County of Santa Clara, Cal., Code §§ A18-1, A18-15 (2018).  As noted by this Court, SCVMC is a "mere alter ego[] of the [C]ounty without the capacity to bring suit [or be sued] on [its] own." *See County of Santa Clara v. Astra USA, Inc.*, 2006 WL 1344572, at *3 (N.D. Cal. May 17, 2006), *rev'd on other grounds*, 588 F.3d 1237 (9th Cir. 2009).  Plaintiff offers no evidence to rebut the County code or case law cited by Defendants.

Thus, Plaintiff may not sue both SCVMC and the County, but only the County itself.  *See Johnson v. Valley Medical Moorpark Lab Clinic*, 2013 WL 12174692, at *2 (E.D. Ark. Nov. 18, 2013) (applying California law and holding that the County was the proper defendant and that defendant SCVMC should be terminated).  Plaintiff attempts to distinguish *Johnson* on the basis that the plaintiff "filed her complaint without naming the County of Santa Clara and obtained a default judgment which was reversed," *see* Opp'n at 4; however, as noted by Defendants, *see* Reply at 2, these distinctions do not affect SCVMC's legal status.  Moreover, having sued the County, Plaintiff could obtain no greater relief by concurrently suing SCVMC.  Accordingly, the Court GRANTS summary judgment that Defendant SCVMC is not a proper defendant in this action.

### C.     Whether punitive damages are available against the County

For the reasons discussed above, the only proper Defendant in this action is the County, a public entity.  California law provides that "a public entity is not liable for damages awarded under Section 3294 of the Civil Code [punitive damages] or other damages imposed primarily for the sake of example and by way of punishing the defendant." Cal. Gov't Code § 818.  Moreover, Title VII provides for "punitive damages . . . against a respondent (*other than a government,*

*government agency or political subdivision*).” 42 U.S.C. § 1981a(b)(1) (emphasis added); *see also Harvey v. City of San Diego*, 2009 WL 10671672, at *3 (S.D. Cal. Aug. 17, 2009) (stating “punitive damages are not available against municipalities in Title VII claims”). In addition, the California Supreme Court has interpreted § 818 to prohibit awards of punitive damages against municipalities in cases involving FEHA claims. *See State Personnel Board v. Fair Employment and Housing Comm'n*, 39 Cal.3d 422, 434 (1985). Plaintiff argues that punitive damages can be awarded against individual employees working for a public entity. Opp'n at 4. However, as previously discussed, the County is the only proper Defendant remaining in this action. Although Plaintiff separately argues that “[p]unitive damages have been awarded against . . . public entities themselves,” *see* Opp'n at 5, Plaintiff provides no authority for that proposition, as noted by Defendants, *see* Reply at 2–3. Thus, the Court GRANTS summary judgment precluding punitive damages against the County.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment at ECF 163 is GRANTED. Accordingly, the County of Santa Clara is the only proper defendant remaining in this action, and punitive damages are not available against the County.

**IT IS SO ORDERED.**

Dated: November 5, 2018

_____
BETH LABSON FREEMAN
United States District Judge