1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5          **SAN JOSE DIVISION**

6

7    SANDRA WILLIAMS,                          Case No. 15-cv-04494-BLF

8                 Plaintiff,

9          v.                                  **ORDER GRANTING PLAINTIFF'S
                                                MOTION FOR REVIEW OF
                                                TAXATION OF COSTS AND TO
10   COUNTY OF SANTA CLARA,                     DENY THE BILL OF COSTS**

11                Defendant.                    [Re: ECF 220]

12

13         Before the Court is Plaintiff's motion requesting the Court to review the amount of

14   taxation of costs and to deny the bill of costs ("Motion"). Motion, ECF 220. Defendant opposes

15   the Motion. Opp'n, ECF 221. The Court finds this matter appropriate for resolution without oral

16   argument. *See* Civ. L.R. 7-1(b). Having considered the parties' submissions and for the reasons

17   stated below, the Court hereby GRANTS Plaintiff's motion and DECLINES to award costs.

18   **I.    BACKGROUND**

19         Pro se plaintiff Sandra Williams ("Ms. Williams") is a former employee of the County of

20   Santa Clara ("the County"). Ms. Williams initiated this action against the County, Santa Clara

21   Valley Medical Center, and three county employees, alleging wrongful conduct including

22   discrimination based on sex, age, and race, and failure to promote. *See* Compl., ECF 1-1.

23         On August 22, 2018, the Court granted in part and denied in part Defendants' first motion

24   for summary judgment. *See* ECF 119. Specifically, the Court determined that several disputed

25   factual issues existed as to (i) Plaintiff's racial discrimination claim under Title VII and the

26   California Fair Employment and Housing Act[1] ("FEHA") arising out of the failure to promote;

27

28   _____
     [1] California Government Code § 12900 et seq.

1    and (ii) Plaintiff's claim of failure to prevent, investigate and remedy discrimination in violation of

2    FEHA. *See* ECF 119 at 42. The Court granted Defendants' motion for summary judgment as to

3    all of Plaintiff's other claims. *Id.* On November 5, 2018, the Court granted Defendants' second

4    motion for summary judgment to dismiss all defendants except the County. *See* ECF 188.

5          A jury trial commenced on November 13, 2018. ECF 199. The County prevailed at trial,

6    with the jury determining that Ms. Williams did not prove a FEHA or Title VII violation. *See*

7    ECF 212. Judgment was entered in favor of the County and against Ms. Williams on November

8    19, 2018. ECF 213. As the prevailing party, the County submitted a bill of costs totaling

9    $22,132.44. ECF 214. The Clerk taxed costs in the amount of $6,034.40. ECF 219.

10         In the instant motion, Ms. Williams objects to the bill of costs that was taxed against her.

11   *See generally* Motion, ECF 220. She requests that the Court exercise its discretion under Federal

12   Rule of Civil Procedure 54(d) and deny any costs to the County. *Id.* at 1, 4. The County opposes.

13   *See generally* Opp'n, ECF 221.

14   **II.    LEGAL STANDARD**

15         Federal Rule of Civil Procedure 54(d)(1) provides in relevant part: "Unless a federal

16   statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should

17   be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a

18   presumption in favor of awarding costs to a prevailing party, but vests in the district court

19   discretion to refuse to award costs." *Ass'n of Mexican Am. Educators v. California*, 231 F.3d 572,

20   591 (9th Cir.2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir.

21   1995)). But the Court's discretion is not unlimited; it must "specify reasons" for denying costs.

22   *Id.* at 591–92 (citing *Subscription Television, Inc. v. Southern Cal. Theater Owners Ass'n*, 576

23   F.2d 230, 234 (9th Cir. 1978)).

24         The Ninth Circuit has recognized the following as appropriate reasons for denying costs:

25   "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in

26   the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial

27   resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms,*

28   *Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). This list is "not an exhaustive list of good reasons

1  for declining to award costs, but [serves as] a starting point for [the] analysis." *Id.* at 1248

2  (internal quotation marks omitted).

3  **III.    DISCUSSION**

4         There is no dispute that the County is the prevailing party pursuant to Federal Rule of Civil

5  Procedure 54(d).  Ms. Williams argues that her claims were of substantial public importance and

6  not frivolous, and that imposing costs on her may chill future civil rights litigation.  *See id.* at 1–2.

7  Ms. Williams further argues that there is vast "economic disparity" between her and the County,

8  and that she has "limited financial resources," supporting a denial of costs.  *See id.* at 3–4.  On the

9  other hand, the County contends the costs taxed are "modest" relative to Plaintiff's annual income

10  and that "the case was not complex, publicly important, or close."  *See* Opp'n at 1.  The Court

11  discusses in turn the five factors outlined in *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236,

12  1247–48 (9th Cir. 2014).

13         First, in determining whether to deny costs, courts in this district have explained that a case

14  is considered to be of substantial importance "when the claims involved are subject to closer

15  scrutiny or special interest by the court, or the issues raised in the litigation have ramifications

16  beyond the parties and concerns immediately involved in the litigation." *Ayala v. Pac. Mar. Ass'n*,

17  2011 WL 6217298, at *3 (N.D. Cal. Dec. 14, 2011); *Hunter v. City & Cty. of San Francisco*,

18  2013 WL 6088409, at *4 (N.D. Cal. Nov. 19, 2013).  This case involved whether the County

19  failed to promote Ms. Williams due to racial discrimination under Title VII and FEHA, and

20  whether the County failed to prevent, investigate, and remedy discrimination in violation of

21  FEHA.  Ms. Williams's claim that the County failed to prevent, investigate, and remedy

22  discrimination in violation of FEHA raised important issues about the County's general conduct in

23  the workplace with "ramifications beyond the parties and concerns immediately involved in the

24  litigation," *see Ayala*, 2011 WL 6217298, at *3.  Thus, this factor weighs in favor of denying

25  costs.

26         Second, with respect to the closeness and difficulty of the issues in the case, the Court

27  agrees with Ms. Williams that her claims were not without merit.  The Court denied summary

28  judgment on two of Ms. Williams's causes of action due to genuine disputes of material fact in the

3

1   record.  Each side presented conflicting witness testimony at trial, and the jury ultimately had to

2   evaluate the evidence in coming to their determination in favor of the County.  Accordingly, this

3   factor also weighs in favor of denying costs.

4   Third, the Court finds that awarding $6,034.40 in costs could have a chilling effect on

5   similar civil rights actions in the future.  The Ninth Circuit has held that it is an abuse of discretion

6   to fail to consider this chilling effect on civil rights litigants when determining whether to tax

7   costs.  *Stanley v. University of Southern California*, 178 F.3d 1069, 1079–80 (9th Cir. 1999).

8   Other courts in this district have held that a cost award of similar amounts may have a chilling

9   effect on future civil rights litigation.  *See Moujaes v. San Francisco City & Cty.*, 2017 WL

10  1540732, at *3–4 (N.D. Cal. Apr. 28, 2017) (declining to award costs in the amount of $3,517.25).

11  The County argues that the costs taxed here are "modest," *see* Opp'n at 3, however; "even modest

12  costs can discourage potential plaintiffs who . . . earn low wages," see *Escriba*, 743 F.3d at 1249.

13  This factor therefore also weighs in favor of denying costs.

14  Fourth, the Court has considered Ms. Williams's financial resources compared to the

15  $6,034.40 amount taxed by the Clerk.  "Whether the financial resources in question are of a

16  sufficient level to deny an award of costs can be inferred from the economic circumstances of the

17  plaintiff."  *Ayala*, 2011 WL 6217298, at *2.  Ms. Williams states that she currently receives a total

18  "income of $6567 per month."  *See* Motion at 4.  Ms. Williams further states that she is the sole

19  provider for herself and her dependent child and that her monthly expenses at least equal her

20  monthly income.  *See id.*  However, Ms. Williams has not shown that on the basis of her present

21  financial resources she would be unable to pay the bill of costs, or that she would be made

22  indigent by an award of costs.  Thus, this factor weighs against denying costs.  *See Ayala*, 2011

23  WL 6217298, at *3.

24  Fifth, as Ms. Williams argues, *see* Motion at 3, there is significant economic disparity

25  between the parties.  However, this factor is of limited significance where the losing party has the

26  ability to pay and in this circumstance is on its own insufficient to overcome the presumption in

27  favor of awarding costs.  *See Ayala*, 2011 WL 6217298, at *2.

28

4

In conclusion, Ms. Williams has adequately rebutted the presumption in favor of awarding costs to the prevailing party. This is a case brought in good faith, with meritorious claims that involved issues of substantial public importance. Awarding the costs sought by the County in this case would discourage potential plaintiffs from bringing suit to enforce their civil rights. Although Ms. Williams has not shown a financial reason why costs should not be awarded, the combination of factors is a sufficient basis for denying costs. *See Ayala*, 2011 WL 6217298, at \*5 (denying award of costs due to similar combination of factors).

## IV.    ORDER

For the foregoing reasons, Plaintiff's request for the Court to exercise its discretion to deny costs is GRANTED. The Court DECLINES to award costs.

**IT IS SO ORDERED.**

Dated: March 25, 2019

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California